IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUASHON BLAKE,** | : | **Civil No. 1:18-cv-0365** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WNEP,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is a complaint filed by Plaintiff Quashon Blake, *pro se*, pursuant to 28 U.S.C. § 1331, as well as an application to proceed *in forma pauperis*. Upon preliminary review of the complaint, the court finds that it lacks jurisdiction and will dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3).[1]

## I.    Discussion

28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 is merely a jurisdictional statute and provides no substantive basis for relief. *Pitrone v. Mercadante*, 420 F. Supp. 1384 (E.D. Pa. 1976), vacated on other grounds, 572 F.2d 98 (3d Cir. 1978), cert. den., 439 U.S. 827 (1978). Unless statutory basis for jurisdiction exists, persons do not have any

---

[1] If, at any time, the court finds that it lacks subject matter jurisdiction, the court must dismiss the action.

right to proceed in federal court rather than state court. *McFaddin Express v. Adley Corp.*, 240 F. Supp. 791 (D.C. Conn. 1965); *see also Onyiuke v. NJ State Supreme Court*, 435 F. Supp. 2d 394 (D.C. N.J. 2006).

The defendant named in the captioned action is WNEP (no address given), which is apparently a radio station in Sunbury, Pennsylvania. In the complaint, Plaintiff alleges that the radio station is "using propaganda in order to slander and degrade [his] name," contrary to the actual facts. (Doc. 1.)

The Supreme Court has held that a defamation action does not raise a federal question under 28 U.S.C. § 1331. *Sprague v. Bulletin Co.*, 527 F. Supp. 1016 (E.D. Pa. 1981); *see also Truong v. American Bible Society*, 367 F. Supp. 2d 525 (S.D. N.Y. 2005).

In addition, the complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## II. <u>Conclusion</u>

The complaint will be dismissed with prejudice. An amendment to the complaint would be futile as a claim for slander is not viable in federal court.

 s/Sylvia H. Rambo
 SYLVIA H. RAMBO
 United States District Judge

Dated: February 26, 2018